# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

    v.

TANYA JONES,

    Defendant/Petitioner.

Case No. 15-20091-JAR

## MEMORANDUM AND ORDER

On May 16, 2018, Petitioner Tanya Jones filed a pro se motion under 28 U.S.C. § 2255 setting forth claims of ineffective assistance of counsel and prosecutorial misconduct relating to the government obtaining attorney-client consultations and phone calls while she was incarcerated at CCA-Leavenworth, purportedly in violation of her Fifth Amendment rights.[1] Per the Court's order, the government responded to Petitioner's motion on July 18, 2018.[2] Previously, however, on July 17, 2018, this Court appointed the Federal Public Defender ("FPD") to "represent any defendant from the District of Kansas who may have a post-conviction Sixth Amendment claim based on the recording of in-person attorney-client meetings or attorney-client phone calls by any holding facility housing federal detainees with this District."[3] This matter is now before the Court on the motion of the FPD to amend Petitioner's pro se motion to assert such a claim under that authority (Doc. 121).[4] The government has not responded to the motion to amend.

---

[1] Doc. 109.

[2] Doc. 117.

[3] Standing Order 18-3 (July 17, 2018).

[4] The Court previously granted the FPD's additional request to stay the due date for Petitioner's reply in support of her pro se motion until November 23, 2018. Doc. 124.

Federal Rule of Civil Procedure 15(a) governs requests to amend motions filed under § 2255 before the district court has entered judgment.[5] Because the government filed its response before the FPD filed the motion to amend, Petitioner may only amend her § 2255 motion "with the opposing party's written consent or the court's leave."[6] Leave of court should be "freely give[n]" when "justice so requires."[7]

Motions brought pursuant to § 2255 are subject to a one-year statute of limitations.[8] In this case, after she pleaded guilty to one count of conspiracy to distribute and possess methamphetamine, Petitioner was sentenced to 45 months' imprisonment on January 8, 2018.[9] Petitioner did not file a direct appeal to the Tenth Circuit Court of Appeals. The Federal Rules of Appellate Procedure make clear that Petitioner had fourteen days from the Court's judgment in which to file an appeal; applying this to the statute of limitations governing § 2255, Petitioner had one year and fourteen days to file her § 2255 motion.[10] Thus, Petitioner was required to file her § 2255 motion by January 22, 2019, and her pro se § 2255 motion filed May 16, 2018 is timely. Because the motion to amend filed September 25, 2018 was also filed within the one-year deadline, no relation-back analysis is necessary.[11] The Court finds that Petitioner's motion is justified and thus grants leave to amend to assert an additional Sixth Amendment claim.

---

[5]*United States v. Trent,* 884 F.3d 985, 992 (10th Cir. 2018) ("A pre-judgment request to add a claim to a § 2255 motion is not a second or successive motion; it is a motion to amend and should be considered under Federal Rule of Civil Procedure 15.").

[6]Fed. R. Civ. P. 15(a)(2).

[7]*Id.*

[8]28 U.S.C. § 2255(f).

[9]Doc. 107.

[10]Fed. R. App. P. 4(b)(1)(A)(i).

[11]*See* Fed. R. Civ. P. 15(c)(1)(B) (stating amendment to pleading filed outside the limitations period relates back to the date of the original pleading when the amendment "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.").

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Tanya Jones' Motion to Amend Motion Filed Under 28 U.S.C. § 2255 to add an additional Sixth Amendment claim (Doc. 121) is **granted**; Petitioner shall amend her § 2255 motion within fourteen (14) days of the date of this Order.

**IT IS SO ORDERED.**

Dated: October 16, 2018

 S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE